# EXHIBIT A:

# Proposed Answer, Additional Allegations, and Affirmative Defenses

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **MIKE THOMPSON**, Member of the Kansas Senate, in his official capacity and **MICHAEL MURPHY**, Member of the Kansas House of Representatives, in his official capacity, | |
| Plaintiffs, | |
| vs. | |
| **TY MASTERSON**, President of the Kansas Senate, in his official capacity and **DANIEL HAWKINS**, Speaker of the Kansas House of Representatives, in his official capacity, | |
| Defendants. | |
| and | |
| **ETHAN CORSON**, Member of the Kansas Senate, in his official capacity, **DINAH SYKES**, Member of the Kansas Senate, in her official capacity, **MARCI FRANCISCO**, Member of the Kansas Senate, in her official capacity, **TOM HOLLAND**, Member of the Kansas Senate, in his official capacity, **PAT PETTEY**, Member of the Kansas Senate, in her official capacity, **CINDY HOLSCHER**, Member of the Kansas Senate, in her official capacity, **MARY WARE**, Member of the Kansas Senate, in her official capacity, **JERRY STOGSDILL**, Member of the Kansas House of Representatives, in his official capacity, **JOHN CARMICHAEL**, Member of the Kansas House of Representatives, in his official capacity, and **DAN OSMEN**, Member of the Kansas House of Representatives, in his official capacity, | Case No. 5:23-cv-04120-TC-GEB |
| Proposed Defendant-Intervenors. | |

**[PROPOSED]
ANSWER, ADDITIONAL ALLEGATIONS, & AFFIRMATIVE DEFENSES**

Proposed Defendant-Intervenors Senators Ethan Corson, Dinah Sykes, Marci Francisco, Tom Holland, Pat Pettey, Cindy Holscher, and Mary Ware, and Representatives Jerry Stogdsill, John Carmichael, and Dan Osmen present their Answer, Additional Allegations, and Affirmative Defenses to Plaintiffs Senator Mike Thompson and Representative Michael Murphy:

**Nature of the Action**

1.  Defendant-Intervenors admit the allegations in Paragraph 1 of the Complaint.

2.  Defendant-Intervenors admit Article 2, Section 13, of the Kansas Constitution provides as follows:

> A majority of the members then elected (or appointed) and qualified of each house, voting in the affirmative, shall be necessary to pass any bill. Two-thirds (2/3) of the members then elected (or appointed) and qualified in each house, voting in the affirmative, shall be necessary to ratify any amendment to the Constitution of the United States or to make any application for congress to call a convention for proposing amendments to the Constitution of the United States.

To the extent Plaintiffs improperly state the law and allege irrelevant facts, Defendant-Intervenors deny same.

3.  Defendant-Intervenors admit House Concurrent Resolution 5008 and Senate Concurrent Resolution 1607 did not receive two-third majority votes and therefore did not pass in their respective chambers. With respect to other allegations, Defendant-Intervenors are without sufficient information to admit or deny those allegations and therefore deny same.

4.  Defendant-Intervenors state that the allegations in Paragraph 4 are legal conclusions and/or characterizations to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

1

2

5. Defendant-Intervenors state that the allegations in Paragraph 5 are legal conclusions and/or characterizations to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

6. Defendant-Intervenors state that the allegations in Paragraph 6 are legal conclusions and/or characterizations to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

7. Defendant-Intervenors acknowledge that Plaintiffs seek declaratory judgment from the Court but denies Plaintiffs are entitled to stated relief.

## Jurisdiction and Venue

8. Defendant-Intervenors admit the allegations in Paragraph 8.

9. Defendant-Intervenors admit the allegations in Paragraph 9.

10. Defendant-Intervenors admit the allegations in Paragraph 10.

11. Defendant-Intervenors admit the claims at issue arose in Topeka, Kansas. To the extent Plaintiffs allege triable issues, Defendant-Intervenors are without sufficient information to admit or deny those allegations and therefore deny same.

## Parties

12. Defendant-Intervenors admit that Mike Thompson is an elected member of the Kansas Senate who voted in favor of the measure in question. With respect to other allegations, Defendant-Intervenors are without sufficient information to admit or deny those allegations and therefore deny same.

13. Defendant-Intervenors admit that Michael Murphy is an elected member of the Kansas House of Representatives who voted in favor of the measure in question. With respect to other allegations, Defendants are without sufficient information to admit or deny those allegations and therefore deny same.

14. Defendant-Intervenors admit the allegations in Paragraph 14.

15. Defendant-Intervenors admit the allegations in Paragraph 15.

## Factual Background

16. Defendant-Intervenors admit the allegations in Paragraph 16.

17. Defendant-Intervenors admit the allegations in Paragraph 17.

18. Defendant-Intervenors admit the allegations in Paragraph 18.

19. Defendant-Intervenors admit the allegations in Paragraph 19.

20. Defendant-Intervenors admit the allegations in Paragraph 20.

21. Defendant-Intervenors admit the allegations in Paragraph 21.

22. Defendant-Intervenors admit the allegations in Paragraph 22.

23. Defendant-Intervenors admit the allegations in Paragraph 23.

24. Defendant-Intervenors admit the allegations in Paragraph 24.

25. Defendant-Intervenors admit the allegations in Paragraph 25.

26. Defendant-Intervenors admit the allegations in Paragraph 26.

27. Defendant-Intervenors state that the allegations in Paragraph 27 are legal conclusions and/or characterizations to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

28. Defendant-Intervenors state that the allegations in Paragraph 28 legal conclusions and/or characterizations to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

29. Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

30. Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

31. Defendant-Intervenors state that the allegations in Paragraph 31 are legal conclusions and/or characterizations to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

32. Defendant-Intervenors state that the allegations in Paragraph 32 are legal conclusions and/or characterizations to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

33. Defendant-Intervenors state that the allegations in Paragraph 33 are legal conclusions and/or characterizations to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

34. Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

## Count I: Declaratory Judgment

35. Defendant-Intervenors incorporate by reference and restate answers to the previous Paragraphs as if fully set forth herein.

36. Defendant-Intervenors state that the allegations in Paragraph 36 are legal conclusions and/or characterizations, irrelevant to the issue, to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

37. Defendant-Intervenors state that the allegations in Paragraph 37 are legal conclusions and/or characterizations, irrelevant to the issue, to which no answers are required. To the extent answers are required, Defendant-Intervenors are without sufficient information to admit or deny these allegations and therefore deny same.

38. Defendant-Intervenors deny the allegations in Paragraph 38.

39. Defendant-Intervenors deny the allegations in Paragraph 39.

40. Defendant-Intervenors deny the allegations in Paragraph 40.

41. Defendant-Intervenors deny the allegations in Paragraph 41.

## DEFENDANT-INTERVENORS

1. Defendant-Intervenor Ethan Corson is a Kansas State Senator representing Senate District 7. He is the ranking minority member for the Kansas State Senate Transportation Committee and Judiciary Committee.

2. Defendant-Intervenor Dinah Sykes is the Kansas State Senate Minority Leader representing Senate District 21. She is the vice chair for the Kansas State Senate Confirmation Oversight Committee and the ranking minority member for the Education Committee.

3. Defendant-Intervenor Marci Francisco is the Kansas State Senate Agenda Chair representing Senate District 2. She is the ranking minority member for the Kansas State Senate Joint Committee on State Building Construction, Utilities Committee, and Local Government Committee.

4. Defendant-Intervenor Tom Holland is a Kansas State Senator representing Senate District 3. He is the ranking minority member for the Kansas State Senate Interstate Cooperation Committee, the Joint Committee on State-Tribal Relations, and the Assessment and Taxation Committee.

5. Defendant-Intervenor Pat Pettey is the Kansas State Senate Minority Whip representing Senate District 6. She is the ranking minority member for the Kansas State Senate Ways and Means Committee and the Public Health and Welfare Committee.

6. Defendant-Intervenor Cindy Holscher is a Kansas State Senator representing Senate District 8. She is the ranking minority member for the Kansas State Senate Financial Institutions and Insurance Committee.

7. Defendant-Intervenor Mary Ware is a Kansas State Senator representing Senate District 25. She is the ranking minority member for the Kansas State Senate Agriculture and Natural Resources Committee.

8. Defendant-Intervenor Jerry Stogsdill is the Kansas State House Minority Agenda Chair representing House District 21. He is the ranking minority member for the Kansas House Legislative Modernization Committee and Education Committee.

9. Defendant-Intervenor John Carmichael is a Kansas State Representative representing House District 92. He is the ranking minority member for the Kansas House Corrections and Juvenile Justice Committee.

10. Defendant-Intervenor Dan Osmen is a Kansas State Representative representing House District 48. He is a member of the Kansas House Judiciary Committee and the Kansas House Commerce, Labor and Economic Development Committee.

## AFFIRMATIVE DEFENSES

Defendant-Intervenors Senators Ethan Corson, Dinah Sykes, Marci Francisco, Tom Holland, Pat Pettey, Cindy Holscher, and Mary Ware, as well as Defendant-Intervenor Representatives Jerry Stogdsill, John Carmichael, and Dan Osmen state their affirmative defenses:

1. Plaintiffs fail to state a claim or cause of action against these Defendant-Intervenors as to which relief can be granted as a matter of fact and/or law.

2. Plaintiffs' claim is nonjusticiable under the political question doctrine and the Court therefore lacks subject-matter jurisdiction.

3. Plaintiffs' claim, if successful, would impair and nullify the legislative votes of the Defendant-Intervenors.

4. Defendant-Intervenors reserve the rights to amend their Answer and Affirmative Defenses upon completion of discovery of this cause.

**Exhibit A** hereof consists of tabular and graphic descriptions of the districts represented by Defendant-Intervenors, and is incorporated herein for all purposes.

February 9, 2024                                           Respectfully submitted,

Dentons US LLP

By: /s/ Mark P. Johnson

Mark P. Johnson (KS # 22289)
Stephen R. McAllister (KS # 15845)
Parker B. Bednasek (KS # 29337)
Harrison M. Rosenthal (KS # 28894)

4520 Main St., Ste. 1100
Kansas City, MO 64111
Phone: (816) 460-2400
Fax: (816) 531-7545
mark.johnson@dentons.com
stephen.mcallister@dentons.com
parker.bednasek@dentons.com
harrison.rosenthal@dentons.com

*Counsel for Proposed
Defendant-Intervenors*

8

9

**Certificate of Service**

I certify that a true and correct copy of the foregoing was served by electronic mail, via the Court's e-filing system, on February 9, 2024, on counsel for the Plaintiffs and Defendants.

/s/ Mark P. Johnson
*Counsel for Proposed*
*Defendant-Intervenors*