## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **MIKE THOMPSON, Member of the Kansas Senate, in his official capacity and MICHAEL MURPHY, Member of the Kansas House of Representatives, in his official capacity,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**TY MASTERSON, President of the Kansas Senate, in his official capacity and DANIEL HAWKINS, Speaker of the Kansas House of Representatives, in his official capacity,**<br><br>**Defendants.**<br><br>**and**<br><br>**ETHAN CORSON, Member of the Kansas Senate, in his official capacity, DINAH SYKES, Member of the Kansas Senate, in her official capacity, MARCI FRANCISCO, Member of the Kansas Senate, in her official capacity, TOM HOLLAND, Member of the Kansas Senate, in his official capacity, PAT PETTEY, Member of the Kansas Senate, in her official capacity, CINDY HOLSCHER, Member of the Kansas Senate, in her official capacity, MARY WARE, Member of the Kansas Senate, in her official capacity, JERRY STOGSDILL, Member of the Kansas House of Representatives, in his official capacity, JOHN CARMICHAEL, Member of the Kansas House of Representatives, in his official capacity, and DAN OSMEN, Member of the Kansas House of Representatives, in his official capacity,**<br><br>**Proposed Defendant-Intervenors.** | **Case No. 5:23-cv-04120-TC-GEB** |

## MEMORANDUM IN SUPPORT OF
## MOTION TO INTERVENE AS DEFENDANTS

## Table of Contents

**Page**

**Introduction** ................................................................................................................. 1

**Background** ................................................................................................................ 1

**Argument** .................................................................................................................. 4

    I.      The Intervening Legislators are entitled to intervene as a matter of right ............. 4

          A.     The Intervening Legislators' motion is timely............................................ 4

          B.     The Intervening Legislators have legally cognizable interests that could be impaired by this litigation ........................................................... 6

          C.     Defendants do not adequately represent the Intervening Legislators' interests ...................................................................................................... 8

    II.     In the alternative, the Intervening Legislators request permission to intervene................................................................................................................. 10

**Conclusion** ................................................................................................................ 10

## Table of Authorities

**Page(s)**

**Cases**

*Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*,
  576 U.S. 787 (2015)...........................................................................................7

*Arney v. Finney*,
  967 F.2d 418 (10th Cir. 1992) .........................................................................10

*Barnes v. Sec. Life of Denver Ins. Co.*,
  945 F.3d 1112 (10th Cir. 2019) .......................................................................6, 8

*Berger v. N.C. State Conf. of the NAACP*,
  597 U.S. 179 (2022)..........................................................................................8, 9

*Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*,
  386 U.S. 129 (1967)...........................................................................................4

*Coleman v. Miller*,
  307 U.S. 433 (1939)...........................................................................................7

*Okla. ex rel. Edmondson v. Tyson Foods, Inc.*,
  619 F.3d 1223 (10th Cir. 2010) .......................................................................5

*Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*,
  335 F.R.D. 330 (D. Kan. 2020).........................................................................5, 6, 8, 10

*Kane Cnty. v. United States*,
  928 F.3d 877 (10th Cir. 2019) .........................................................................4, 6, 7, 8

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992)...........................................................................................7

*Raines v. Byrd*,
  521 U.S. 811 (1997)...........................................................................................7

*San Juan Cnty. v. United States*,
  503 F.3d 1163 (10th Cir. 2007) .......................................................................5

*San Juan County v. United States*,
  604 F.3d 1192 ....................................................................................................7

*Tal v. Hogan*,
  453 F.3d 1244 (10th Cir. 2006) .......................................................................2

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972)..........................................................................................9

*Utah Ass'n of Cntys. v. Clinton*,
  255 F.3d 1246 (10th Cir. 2001) ......................................................................5

*W. Energy All. v. Zinke*,
  877 F.3d 1157 (10th Cir. 2017) ..............................................................5, 6, 8, 9

*WildEarth Guardians v. U.S. Forest Serv.*,
  573 F.3d 992 (10th Cir. 2009) ........................................................................6

## Rules and Regulations

Federal Rules of Civil Procedure
  24(a) ......................................................................................................1, 4, 10
  24(b)............................................................................................................1, 10

## Legislative Material

Kansas House of Representatives Concurrent Resolution 5008 (Mar. 22, 2023),
  https://kslegislature.org/li/b2023_24/measures ..........................................2, 3
Kansas Senate Concurrent Resolution 1607 (Mar. 22, 2023),
  https://www.kslegislature.org/li/b2023_24.................................................2, 3

## Constitutional Provisions

Kansas Constitution art. II, § 13 ..............................................................................2

**Introduction**

Kansas State Senators Ethan Corson, Dinah Sykes, Marci Francisco, Tom Holland, Pat Pettey, Cindy Holscher, and Mary Ware, and Kansas State Representatives Jerry Stogdsill, John Carmichael, and Dan Osmen (*collectively*, the "Intervening Legislators"), in their official capacities, seek to participate as intervening defendants in the above-captioned lawsuit. Plaintiffs' lawsuit seeks to bypass the requirements of the Kansas Constitution concerning the State Legislature's call for a federal constitutional convention, a process left to the States by Article V of the U.S. Constitution.

The Intervening Legislators (also referred to as "Defendant-Intervenors" in their proposed pleading) are entitled to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24(a). Intervention is particularly necessary here, where the named Defendants voted with the Plaintiffs in the failed vote to call for a federal constitutional convention in Kansas. The Defendants do not adequately represent the interests of the Intervening Legislators, as evidenced by the Plaintiffs' and Defendants' coordinated attempt to gain lightning-quick resolution of this case in which the Plaintiffs seek preemption of the Kansas Constitution. U.S. Supreme Court and Tenth Circuit precedent is clear that intervention is permitted under these circumstances. Therefore, the Intervening Legislators are entitled to intervene under Rule 24(a)(2). In the alternative, the Intervening Legislators seek this Court's permission to intervene under Rule 24(b).

**Background**

***Factual Background.*** Under the Kansas Constitution, a two-thirds vote of elected legislators in both chambers of the legislature is required to call a convention to propose amendments to the U.S. Constitution. ECF Doc. 1 at ¶ 2.[1] As described below, such a vote was

---

[1] In relevant part, the Kansas Constitution states:

taken by the Kansas Legislature and failed because it did not receive the required two-thirds majority. ECF Doc. 1 at ¶ 3.[2] While the Intervening Legislators voted against the concurrent resolutions, the Plaintiffs and Defendants voted in favor.

On March 22, 2023, the Kansas Senate voted on Senate Concurrent Resolution 1607, titled: "Making application to the United States Congress to call a convention of the states for the purpose of proposing amendments to limit the federal government." ECF Doc. 1 at ¶¶ 21, 23. The Senate Resolution received 22 yea votes and 16 nay votes, less than the required two-thirds majority. ECF Doc. 1 at ¶ 22. The proposed intervenors who are members of the Senate—Senators Corson, Sykes, Francisco, Holland, Pettey, Holscher, and Ware—all voted in opposition to the Senate Resolution, contributing to its defeat.[3] Defendant Senate President Masterson, however, voted in favor of the Senate Resolution.

On March 22, 2023, the Kansas House of Representatives also voted on Concurrent Resolution 5008, titled: "Applying to the Congress of the United States to call for a convention of the states for the limited purpose of amending the constitution of the United States to impose fiscal restraints on the federal government." ECF Doc. 1 at ¶¶ 16, 18. The House Resolution received 74 yea votes and 48 nay votes, less than the required two-thirds majority. The proposed intervenors

---

Two-thirds (2/3) of the members then elected (or appointed) and qualified in each house, voting in the affirmative, shall be necessary to ratify any amendment to the Constitution of the United States or to make any application for congress to call a convention for proposing amendments to the Constitution of the United States.

Kan. Const. art. II, § 13.

[2] This Court can take notice of "facts which are a matter of public record," *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006), so as to recognize how the Intervening Legislators, Plaintiffs, and Defendants voted.

[3] *See* Kan. S. Con. Res. 1607 (Mar. 22, 2023), https://www.kslegislature.org/li/b2023_24/measures/vote_view/je_20230322150945_468448/.

who are members of the House of Representatives—Representatives Stogsdill, Carmichael, and Osmen—all voted in opposition to the House Resolution, contributing to its defeat.[4] Defendant Speaker Hawkins, however, voted in favor of the House Resolution.

*Procedural Background.* The Plaintiffs filed this lawsuit on December 22, 2023. In their complaint, they allege that the Kansas Constitution's "super-majority requirement violates the federal Constitution" because "Article V of the U.S. Constitution sets forth exclusive procedures for Congress and state legislatures to amend the federal Constitution." ECF Doc. 1 at ¶ 4. According to the Plaintiffs, "States cannot, through their constitutions or state law, impose limitations or procedural requirements on state legislatures acting pursuant to this federal authority." ECF Doc. 1 at ¶ 6. Kansas law generally requires a simple majority to pass concurrent resolutions, but the Kansas Constitution requires a two-thirds vote for the Legislature to call for Congress to convene a constitutional convention.[5] Thus, Senate Concurrent Resolution 1607 and House Concurrent Resolution 5008 failed. ECF Doc. 1 at ¶¶ 33–34.

The Defendants answered a little over a month later and raised three defenses: (1) failure to state a claim; (2) non-justiciability; and (3) any other additional defenses that may become apparent. ECF Doc. 6 at 4.

Two days later, the Court began initial discovery planning. *See* ECF Doc. 7. But that same day, the Plaintiffs and Defendants filed a joint motion to "order the pleadings closed and discovery stayed" and "decide this case on the parties' respective motions for judgment on the pleadings."

---

[4] *See* Kan. H.R. Con. Res. 5008 (Mar. 22, 2023), https://kslegislature.org/li/b2023_24/measures /vote_view/je_20230322113058_831236/.

[5] Plaintiffs fail to address whether the Kansas Constitution's provision means that an affirmative vote of two-thirds of *all* Senate and House members is necessary, including the number of members who do not actually vote on resolution. Here, two members of the Senate, Kan. S. Con. Res. 1607, *supra* note 3 and three members of the House, Kan. H.R. Con. Res. 5008, *supra* note 4, did not vote.

ECF Doc. 8 at 1. The Plaintiffs and Defendants proposed to file these dispositive motions by February 20, 2023, ECF Doc. 8 at ¶ 4, just two months after the Plaintiffs filed their complaint—without discovery and without participation by other interested parties. The Court has deferred ruling on the joint motion until after the parties file proposed dispositive motions. ECF Doc. 9.

**Argument**

**I.    The Intervening Legislators are entitled to intervene as a matter of right.**

Rule 24(a), which governs intervention as a matter of right, states: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Consistent with Rule 24's language, the Tenth Circuit has identified four requirements for intervention as a matter of right: "(1) the application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) the interest may as a practical matter be impaired or impeded; and (4) the interest may not be adequately represented by existing parties." *Kane Cnty. v. United States*, 928 F.3d 877, 890 (10th Cir. 2019). When analyzing these requirements, the Court must take a "liberal approach" that favors granting this motion—especially in a case "raising significant public interests." *Id.* (citing *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 136 (1967)).

The Intervening Legislators easily satisfy each requirement of the Tenth Circuit's test.

**A.    The Intervening Legislators' motion is timely.**

Timeliness is context-specific and measured "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Id.* at 890–91.

4

The Intervening Legislators have satisfied the timeliness requirement because they have not delayed in filing their motion to intervene and no party would experience prejudice.

The Intervening Legislators have exhibited no delay in seeking intervention. Delay is measured when the applicant is placed "on notice that its interests may not be protected by a party already in the case." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232–33 (10th Cir. 2010). As the Tenth Circuit has recognized, a motion to intervene is timely when filed early in litigation. *See W. Energy All. v. Zinke*, 877 F.3d 1157, 1164–65 (10th Cir. 2017) (motion to intervene filed just over two months after plaintiff filed complaint was timely); *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (motion to intervene filed during discovery and after dispositive motions had been filed was in the "relatively early stage of the litigation" and therefore timely); *see also Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 333 (D. Kan. 2020) (motion to intervene filed five months after plaintiff filed complaint and discovery had opened was timely). Here, the Intervening Legislators filed this motion to intervene just *under* two months after the Plaintiffs filed their complaint, ECF Doc. 1, before any dispositive motions had been filed, ECF Doc. 7, and while a joint motion to close the pleadings and stay discovery is pending. ECF Doc. 8 & 9. The Intervening Legislators have undoubtedly filed their motion to intervene at an "early stage of [this] litigation." *Utah Ass'n of Cntys.*, 255 F.3d at 1251.

The Intervening Legislators' motion to intervene causes no prejudice to the existing parties. In the timeliness context, "prejudice" means "prejudice caused by the movant's delay, not by the mere fact of intervention." *Tyson Foods, Inc.*, 619 F.3d at 1236. The Intervening Legislators' intervention "would not expose [the existing parties] to any burden not inherent in the litigation." *San Juan Cnty. v. United States*, 503 F.3d 1163, 1174 (10th Cir. 2007) (en banc), *abrogated on other grounds by Hollingsworth v. Perry*, 570 U.S. 693 (2013). For example, the existing parties

have not completed any substantive briefing on any issue, *Kane Cnty.*, 928 F.3d at 877, so the Intervening Legislators' entrance at this time would not delay this Court's decision on any major pending issues.

Regardless, any prejudice the existing parties may try to claim is self-imposed. Unlike most cases posing important constitutional questions, the Plaintiffs and Defendants are seeking to fast-track this litigation. Plaintiffs filed their complaint on December 22, 2023, ECF Doc. 1, and the Defendants' answer was not due until February 20, 2024. ECF Doc. 3. Yet, the Plaintiffs and Defendants have coordinated an effort to close the pleadings, stay discovery, and now plan to file dispositive motions seeking a final judgment, ECF Doc. 8—all before/on the date the Defendants' answer was originally due. The speed at which the existing parties wish to dispose of this case is highly unusual given the significant constitutional question at issue. Thus, any prejudice to the existing parties is self-imposed due to the Plaintiffs' and Defendants' attempt to speed final judgment in this case.

The Intervening Legislators have satisfied the timeliness requirement.

**B.    The Intervening Legislators have legally cognizable interests that could be impaired by this litigation.[6]**

Interest is a "highly fact-specific determination" in which the proposed intervenors must show they have a protectable interest. *W. Energy All.*, 877 F.3d at 1165 (internal quotation marks omitted). This interest must be "direct, substantially, and legally protectable—one that would be impeded by the disposition of the action." *Everest Indem. Ins. Co.*, 335 F.R.D. at 333–34 (citing *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121–22 (10th Cir. 2019)). Proposed intervenors have a minimal burden to show that their interest could be adversely affected by the

---

[6] The interest and impairment requirements are best analyzed together because they are "closely related." *Everest Indem. Ins. Co.*, 335 F.R.D. at 333.

litigation. *Kane Cnty.*, 928 F.3d at 891; s*ee also WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009) (describing the burden as "minimal").

Here, State legislators have "a plain, direct and adequate interest in maintaining the effectiveness of their votes," *Coleman v. Miller*, 307 U.S. 433, 438 (1939), and "vote nullification" impairs those interests. *Raines v. Byrd*, 521 U.S. 811, 823, 826 (1997); *see also Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 803 (2015).[7]

In *Coleman v. Miller*, the Supreme Court held that twenty Kansas State Senators had a cognizable interest in protecting their votes from being nullified by the State's Lieutenant Governor. 307 U.S. at 446. The Senators' votes were sufficient to defeat a proposed federal constitutional amendment; however, the Lieutenant Governor purported to cast a tie-breaking vote that ratified the proposed amendment. *Id. Coleman* stands "for the proposition that legislators whose votes would have been sufficient to defeat (or enact) a specific legislative Act have standing to sue if that legislative action goes into effect (or does not go into effect), on the ground that their votes have been completely nullified." *Ariz. Indep. Redistricting Comm'n*, 576 U.S. at 803 (quoting *Raines v. Byrd*, 521 U.S. 811, 823 (1997)). This case "fits that bill" as the Plaintiffs' suit would "completely nullify" the Intervening Legislators' votes. *Id.* (cleaned up).

The Plaintiffs' lawsuit seeks preemption of the established process under the Kansas Constitution for calling a constitutional convention under Article V of the U.S. Constitution. *See* ECF Doc. 1 at ¶¶ 1–6. The Intervening Legislators' votes, combined with other negative votes,

---

[7] The Intervening Legislators recognize that *Coleman*, *Raines*, and *Arizona Independent Redistricting Commission* are primarily standing cases; however, the Tenth Circuit has treated standing interests as the equivalent of intervention interests. For example, in *San Juan County v. United States*, the Tenth Circuit stated that Supreme Court standing precedent made it "indisputable that a prospective intervenor's environmental concern is a legally protectable interest" under Rule 24. 604 F.3d 1192 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562–563 (1992) (internal quotation marks omitted). There is no issue with this Court doing the same.

were sufficient to defeat both concurrent resolutions seeking a constitutional convention. *See* ECF Doc. 1 at ¶¶ 16–18, 21–23. The Intervening Legislators have an interest in enforcement of the clear language and requirements of the Kansas Constitution, as written. If the Plaintiffs' lawsuit were to succeed and effectively amend the Kansas Constitution, the Intervening Legislators' votes would effectively be nullified.

The Intervening Legislators have satisfied the interest and impairment requirements.

**C.    Defendants do not adequately represent the Intervening Legislators' interests.**

An intervenor's burden to establish inadequate representation is "only a minimal challenge." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 195 (2022); *Barnes*, 945 F.3d at 1124 ("Notably, we have also characterized this burden as 'minimal'"). This requirement is satisfied by "the *possibility* of divergent interests" and thus the mere "*potential* for inadequate representation." *Everest Indem. Ins. Co.*, 335 F.R.D. at 334 (citing *W. Energy All.*, 877 F.3d at 1168) (emphasis added). Only "[w]hen the applicant and an existing party share an identical legal objective" should a court "presume that the party's representation is adequate." *Kane Cnty.*, 928 F.3d at 892. Potentially different perspectives on an appropriate defense are enough to overcome this minimal challenge.

The Supreme Court has expressly permitted state officials to intervene in a case where other state officials are named as the defendants—merely because the intervenors provided a potentially different perspective. *See Berger*, 597 U.S. at 199–200. As the Court recognized, federal courts "routinely handle cases involving multiple [state] officials sometimes represented by different attorneys taking different positions," including "cases in which officials from a single State have sued each other in federal court." *Id.* In cases involving a State's interests, "a full consideration . . . may require the involvement of different voices with different perspectives." *Id.*

at 195. "[A] plaintiff who chooses to name this or that official defendant does not necessarily capture all relevant state interests." *Id.* State officials may seemingly "pursue 'related' states' interests, but they cannot be fairly presumed to bear 'identical' ones." *Id.* at 197 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972)). Particularly with elected officials, the possibility of divergent interest is satisfied when there is a "risk of a shift in policy" during litigation. *W. Energy All.*, 877 F.3d 1157 (internal quotation marks omitted).

Here, the Defendants do not adequately represent the Intervening Legislators' interests for a simple reason: just like the Plaintiffs, the Defendants voted *in favor of* the concurrent resolutions. Although the Defendants are ostensibly defending this lawsuit, the vigor of that defense is uncertain and could be questioned by a reasonable observer, as evidenced by their actions to date.[8] Fundamentally, the Defendants do not at all share the same vote nullification concerns of the Intervening Legislators. If the Defendants "lose" this case, their votes to approve Kansas' call for a constitutional convention will actually be *validated*—not nullified like the Intervening Legislators' votes, a result that could well please the Defendants.

Furthermore, if defending this lawsuit becomes politically unpopular, or the Defendants for any reason shift strategy and stop defending this lawsuit, allowing the Plaintiffs to prevail, there would be no current party to take an appeal to the Tenth Circuit.

The Intervening Legislators have satisfied the inadequate representation requirement.

---

[8] The Plaintiffs' and Defendants' joint motion to stay discovery in lieu of judgment on the pleadings, ECF Doc. 7, carries some concern. Attempting to gain final judgment from this Court as quickly as possible is neither wise nor prudent in light of the important constitutional questions at issue.

**II.    In the alternative, the Intervening Legislators request permission to intervene.**

In the event the Court does not grant the Intervening Legislators' motion to intervene as a matter of right, they respectfully request that the Court exercise its discretion to allow them to intervene permissively under Rule 24(b). The Court has discretion to grant intervention when (1) the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact" and (2) intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B) & (b)(3); *see also Everest Indem. Ins. Co.*, 335 F.R.D. at 335; *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992).

The Intervening Legislators easily meet the requirements for permissive intervention. Their proposed defenses, as set forth in the attached proposed answer, have questions of law and fact in common with the Plaintiffs' complaint. And, for the reasons set forth above in Section I.A, the motion is timely and will not unduly delay or prejudice the rights of the original parties.

**Conclusion**

For the reasons stated above, the Intervening Legislators respectfully request that the Court grant their motion to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permit them to intervene under Rule 24(b).

February 9, 2024

Respectfully submitted,

Dentons US LLP

By: /s/ Mark P. Johnson

Mark P. Johnson (KS # 22289)
Stephen R. McAllister (KS # 15845)
Parker B. Bednasek (KS # 29337)
Harrison M. Rosenthal (KS # 28894)

4520 Main St., Ste. 1100
Kansas City, MO 64111
Phone: (816) 460-2400
Fax: (816) 531-7545
mark.johnson@dentons.com
stephen.mcallister@dentons.com
parker.bednasek@dentons.com
harrison.rosenthal@dentons.com

*Counsel for Proposed
Defendant-Intervenors*

**Certificate of Service**

I certify that a true and correct copy of the foregoing was served by electronic mail, via the

Court's e-filing system, on February 9, 2024, on counsel for the Plaintiffs and Defendants.

/s/ Mark P. Johnson
*Counsel for Proposed*
*Defendant-Intervenors*